[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case was commenced by a Writ, Summons and Complaint dated September 4, 1990 and was returned to this court on October 2, 1990. On September 23, 1991 a default for failure to plead was granted in this matter. On November 13, 1991 the defendant filed an answer and six special defenses. Thereafter on November 25, 1991 the plaintiffs filed a Motion to Strike the Special Defenses.
In this memorandum on the Motion to Strike the plaintiffs cite Practice Book 363A which provided that the defaulted party may file an answer after a default had been entered, if filed before a judgment has been rendered by the court. The plaintiffs' position is that although an answer may be filed pursuant to Practice Book 363A, said section does not allow the defendant to file any special defenses.
The function of a motion to strike is to challenge the legal sufficiency of the allegations as set forth in the pleadings. Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). The motion to strike admits all facts well pleaded. Id. It does not CT Page 826 admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Blancato v. Feldspar Corp., 203 Conn. 34,37, 522 A.2d 1235 (1987). The court must construe the facts alleged in the pleading in the manner most favorable to the nonmoving party. Rowe v. Godou, 209 Conn. 273, 278, 550 A.2d 1073
(1988).
The defendants argue that the motion should be denied for two reasons. First, they argue that the motion is not in compliance with Practice Book 154. Second, they argue that Practice Book 363A simply permits the court to open a default once an answer is filed, it does not address or prohibit the filing of special defenses.
"Each motion to strike raising any of the claims of legal insufficiency enumerated in [152] shall separately set forth each such claim of insufficiency and shall distinctly specify the reason or reasons for each such claimed insufficiency." Practice Book 154.
 In Bouchard v. People's Bank, 219 Conn. 465, 468 n. 4, A.2d (1991) the court discussed the operation of this rule:
 The defendant's motion to strike simply stated that the plaintiff had `failed to state a claim upon which relief can be granted.' Because the defendant did not specify the distinct reasons for the claimed insufficiency of the plaintiff's complaint in its motion, the motion was `fatally defective' under Practice Book 154 notwithstanding the defendant's inclusion of such reasons in its supporting memorandum.
Id.
In the present case, the plaintiff's motion to strike special defenses stated: "The plaintiffs respectfully move to strike the defendants' special defenses in accordance with the attached memorandum of law." As in Bouchard v. People's Bank, supra, the plaintiff "did not specify the distinct reasons for the claimed insufficiency of the [defendant's special defenses] in its motion," hence the motion was "fatally defective", in that it does not comply with Practice Book 154.
Further, Practice Book 363A states in part: "If a party who has been defaulted . . . files an answer before a judgment upon the default has been rendered by the court, the clerk shall automatically set aside the default." CT Page 827
This court has found no appellate-level decisions concerning whether this section precludes the filing of a special defense.
The only Superior Court decision which addresses this issue is Connecticut National Bank v. Maubert, 5 CTLR 13 (September 13, 1991, Potter, J.). The court stated:
 Conn. Practice Book Section 363A does not in any way prohibit the contemporaneous filing of special defenses or a counterclaim with the answer in order for the default to be set aside by the clerk automatically. The answer includes any special defenses to the action. See Conn. Practice Book Sections 112(5), 152(5), 164, 165. . . .
 In this case the defendants filed an answer, which automatically sets aside the defaults for their failure to plead. The special defenses and counterclaim are part of that answer. Accordingly, the plaintiff's motion to strike the defendants' special defenses and counterclaim is denied.
Therefore, it is the opinion of this court that the Motion to Strike is Denied.
Robert E. Reilly, Judge